# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FREITAG,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA; EDWARD J. SCHWARTZ; W. SAMUEL HAMRICK, JR.,<br><br>　　　　　　　　Defendants. | CASE NO. 12-CV-55 - IEG (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 2]<br><br>**(2) *SUA SPONTE* DISMISSING COMPLAINT; AND**<br><br>[Doc. No. 1]<br><br>**(3) DENYING WITHOUT PREJUDICE AS MOOT MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 3] |

　　　Plaintiff commenced this action on January 9, 2012 against Defendants United States District Court, Southern District of California, Edward J. Schwartz, and W. Samuel Hamrick, Jr. [Doc. No. 1.] Along with his complaint, Plaintiff submitted a motion to proceed *in forma pauperis* and a motion for the appointment of counsel. [Doc. Nos. 2-3.] Having considered Plaintiff's submissions, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint, and **DENIES AS MOOT** Plaintiff's motion for

1 the appointment of counsel.

2 **DISCUSSION**

3 **I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

4 All parties instituting any civil action, suit, or proceeding in a district court, except an
5 application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a).
6 However, an action may proceed despite failure to pay the filing fee if the party is granted an *in*
7 *forma pauperis* ("IFP") status. See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The
8 Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees
9 or give security therefor. 28 U.S.C. § 1915(a).

10 In the present case, having reviewed Plaintiff's motion and declaration in support of the
11 motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required
12 filing fees. See Rodriguez, 169 F.3d at 1177. Accordingly, good cause appearing, the Court
13 **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

14 **II.   INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

15 After granting IFP status, the Court must dismiss the case if the complaint "fails to state a
16 claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B); see also Lopez
17 v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not
18 only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails
19 to state a claim). In order to properly state a claim for relief, "a complaint must contain sufficient
20 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.
21 Iqbal,–U.S.–, 129 S. Ct. 1937, 1949 (2009). A complaint must contain more than a "labels and
22 conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual
23 allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v.
24 Twombly, 550 U.S. 544, 555 (2007). "'The pleading must contain something more . . . than . . . a
25 statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id.

26 A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke
27 v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in Lopez v. Smith,
28 203 F.3d 1122, 1126 (9th Cir. 2000)). Where a complaint fails to state "any constitutional or

1  statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there
2  is no "arguable basis in law" under Neitzke, and the court on its own initiative may decline to
3  permit the plaintiff to proceed and dismiss the complaint under Section 1915. Cato v. United
4  States, 70 F.3d 1103, 1106 (9th Cir. 1995).

5  　　　As currently pleaded, Plaintiff's complaint fails to state a cognizable claim and is frivolous
6  to the extent it lacks an arguable basis in law or fact. Plaintiff's complaint is one paragraph and
7  consists primarily of a string of conclusory legal statements and refers to Plaintiff's rights under the
8  1st through 210th Amendments. [See Compl.] The only factual allegations contained in the
9  complaint refer to the District Court's failure to appoint Plaintiff counsel in his seven civil suits.[1]
10 The Constitution provides no right to appointment of counsel in a civil case, unless an indigent
11 litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452
12 U.S. 18, 25 (1981). Moreover, Plaintiffs claims against the District Court for failure to appoint him
13 counsel appear to be barred by the doctrine of absolute judicial immunity. See In re Castillo, 297
14 F.3d 940, 947 (9th Cir. 2002) (judicial immunity bars actions based upon judicial mistakes or
15 wrongs). Even affording Plaintiff's complaint the special consideration given to *pro se* claimants,
16 his allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable
17 legal theory against the Defendants. Accordingly, the Court **DISMISSES WITHOUT**
18 **PREJUDICE** Plaintiff's complaint as frivolous and for failing to state a claim upon which relief
19 can be granted.

20 **III.    MOTION FOR APPOINTMENT OF COUNSEL**

21 　　　In addition to his complaint, Plaintiff has also filed a motion for appointment of counsel.
22 [Doc. No. 3.] Because the Court dismisses Plaintiff's complaint in its entirety with prejudice,
23 Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE** as moot.

---

[1] Over the past few months, Plaintiff has filed nine other lawsuits in this district. See Freitag v. Padilla, No. 11-cv-2725-IEG (filed Nov. 22, 2011); Freitag v. San Diego City Attorney, No. 11-cv-2904- LAB (filed Dec. 13, 2011); Freitag v. Schmidt, No. 11-cv-2915-JAH (filed Dec. 14, 2011); Freitag v. Gonzalez, No. 11-cv-2924-AJB (filed Dec. 15, 2011); Freitag v. City of San Diego Ambassadors, No. 11-cv-2929-IEG (filed Dec. 16, 2011); Freitag v. City of San Diego, No. 11-cv-2772-JAH (filed Nov. 29, 2011); Freitag v. City of San Diego Harbor Police, No. 11-cv-2999-IEG (filed Dec. 23, 2011); Freitag v. Rural/Metro Ambulance San Diego, No. 12-cv-167-BEN (filed Jan. 20, 2012); Freitag v. Downtown Partnership Clean & Safe, No. 12-cv-203-DMS (filed Jan. 25, 2012). Several of the complaints in these cases have been dismissed *sua sponte* by the courts.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint as frivolous and for failing to state a claim upon which relief can be granted. The Court also **DENIES WITHOUT PREJUDICE** as moot Plaintiff's motion for appointment of counsel.

Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above. Plaintiff is cautioned his First Amended Complaint must be complete in itself, without relying on references to the original Complaint. Plaintiff is further cautioned any defendant not named or claim not re-alleged will be considered waived. See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996). Plaintiff is also cautioned that if his amended complaint does not state a claim, the Court may dismiss his complaint without leave to amend.

**IT IS SO ORDERED.**

**DATED:** January 30, 2012

*Irma E. Gonzalez*

**IRMA E. GONZALEZ**
**United States District Judge**